UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Slep-Tone Entertainment Corporation,

    Plaintiff,

-v-                                      Case No. 2:10–cv–592

Luke F. and Kim Arrowood, et al.,        Judge Michael H. Watson

    Defendants.

## OPINION AND ORDER

This case arises from Defendants' alleged use of Plaintiff's trademarks in karaoke shows around Ohio. Plaintiff asserts claims for trademark infringement under § 32 of the Lanham Act, 15 U.S.C. § 1114 (Count I), unfair competition under § 43 of the Lanham Act, 15 U.S.C. § 1125 (Count II), deceptive trade practices under the Ohio Deceptive Trade Practices Act ("ODTPA"), Ohio Revised Code § 4165.02 (Count III), and trademark infringement under Ohio common law (Count IV).

This matter is before the Court on motions to dismiss filed by Defendants Luke and Kim Arrowood ("the Arrowoods"), Darby K. Place ("Place"), Red Rock Grill & Pub, LLC ("Red Rock Grill"), Steve Menda ("Menda"), Cathy Pushea ("Pushea"), and Rob Bice ("Bice"). Def. Red Rock Grill's Mot. Dismiss, ECF No. 65; Defs. Arrowoods' Notice Joining Mot. Dismiss, ECF No. 66; Def. Menda's Mot. Dismiss, ECF No. 68; Def. Bice's Notice Joining Mot. Dismiss, ECF No. 69; Def. Place's Mot. Dismiss, ECF No. 70; Def. Pushea's Mot. Dismiss, ECF No. 72. Defendants argue that Plaintiff fails to state claims under the Lanham Act and Plaintiff's state law claims are preempted by the federal Copyright Act. For the reasons that follow, the Court **DENIES** Defendants'

motions to dismiss.

## I. FACTS

Plaintiff Slep-Tone Entertainment Corporation ("Slep-Tone") is a North Carolina corporation which manufactures and distributes karaoke phonorecords. Slep-Tone distributes its product in a compact disc plus graphics ("CD+G") format. A CD+G contains a sound recording of the music without the lead vocal track and a video display of the song's lyrics. Compl. ¶ 24, ECF No. 1. Since 1995, Slep-Tone has owned U.S. Trademark No. 1,923,448, which trademarks the name "Sound Choice" as used in conjunction with "pre-recorded magnetic audio cassette tapes and compact discs containing musical compositions and compact discs containing video relating to musical compositions." Id. ¶ 26. Since 1996, Slep-Tone has also owned U.S. Trademark Registration No. 2,000,725 for the following mark:



The mark is protected when it is used in conjunction with "pre-recorded magnetic audio cassette tapes and compact discs containing musical compositions and compact discs containing video relating to musical compositions." Id. ¶ 27. Slep-Tone marks the face of its CD+Gs with the Sound Choice mark. Slep-Tone also encodes the graphics portion of its CD+Gs with the Sound Choice mark so that the mark is displayed along with the lyrics while a karaoke performance is occurring. Id. ¶ 26–29.

Defendants are karaoke jockeys ("KJs") who facilitate karaoke shows around Ohio. In the last few months of 2009 and the early months of 2010, Plaintiff's investigators observed each Defendant possessing or using at least one work bearing the Sound Choice mark. *Id.* ¶ 35. Slep-Tone did not license Defendants to use the Sound Choice mark. *Id.* ¶ 56.

Plaintiff filed suit on June 28, 2010. Compl., ECF No. 1. Plaintiff originally named nineteen defendants in this action, but voluntarily dismissed seven of those original defendants. ECF Nos. 57, 59, 79. The Court ordered default judgments against three other defendants. ECF No. 64. Defendants who remain are the Arrowoods, Place, SMX Enterprises ("SMX"), John Baisden ("Baisden"), Red Rock Grill, Menda, Pushea, and Bice.

On December 20, 2010, Red Rock Grill filed a motion to dismiss the Complaint. ECF No. 65. The Arrowoods and Bice later joined that motion. ECF Nos. 66, 69. Pushea, Menda, and Place also filed motions to dismiss within weeks of Red Rock Grill's original motion. ECF Nos. 68, 70, 72. Because Pushea, Menda and Place's motions are identical to Red Rock Grill's motion, the Court will treat the motions as one motion for the purposes of this Opinion and Order. The Court will cite to Red Rock Grill's motion as representative of all the motions.

## II. STANDARD OF REVIEW

A claim survives a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1940 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it

asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (internal citations omitted).

A court must also "construe the complaint in the light most favorable to the plaintiff." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). In doing so, however, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). "[A] naked assertion . . . gets the complaint close to stating a claim, but without some further enhancement it stops short of the line between possibility and plausibility . . . ." *Twombly*, 550 U.S. at 557. Thus, "something beyond the mere possibility of [relief] must be alleged, lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." *Id*. at 557–58 (internal citations omitted).

## III. DISCUSSION

In its Complaint, Plaintiff alleges that Defendants violated two sections of the Lanham Act: 15 U.S.C. § 1114, which prohibits trademark infringement; and 15 U.S.C. § 1125, which prohibits unfair competition. Plaintiff also asserts claims under the ODTPA, Ohio Revised Code § 4165.02, and for trademark infringement under Ohio common law.

**A. Federal Lanham Act Claims**

Defendants argue that Plaintiff's federal claims are pleaded as copyright claims, not as trademark and unfair competition claims, and therefore do not state a claim under the Lanham Act. Defendants mischaracterize Plaintiff's claims and fail to grasp the fundamental differences between copyright and trademark law.

Copyright law and trademark law prohibit different activities and serve different purposes. *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 439 n.19 (1984). Copyright law concerns works of authorship, such as literary works or musical compositions, and gives the author the right to prevent copying of the copyrighted work. 17 U.S.C. § 102; 1 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 6:14 (4th ed. 2011). Copyright law protects the author of a work and encourages innovation. McCarthy, *supra*, § 6:13. In contrast, trademark law "prevents the use of a similar mark on such goods or services as would probably cause confusion." *Id.* § 6:14. The touchstone of a trademark claim is the likelihood of consumer confusion caused by the use of a protected symbol. *Daddy's Junky Music Stores, Inc. v. Big Daddy's Family Music Center*, 109 F.3d 275, 280 (6th Cir. 1997). Trademark laws are in a large part about protecting consumers. McCarthy, *supra*, § 2:33.[1]

---

[1] Lanham Act unfair business competition claims are closely tied to laws against trademark infringement and also focus on consumer confusion. McCarthy, *supra*, § 2:8. Trademark dilution focuses not on consumer confusion, but on the harm overuse does to the trademark itself. *Id.* § 24:72. Plaintiff pleads no claims of trademark dilution in this case.

In *Dastar Corporation v. Twentieth Century Fox Film Corporation*, the Supreme Court of the United States reaffirmed the definitive line between copyright and trademark law. 539 U.S. 23 (2003). The plaintiffs in *Dastar* alleged the defendants had violated the Lanham Act by using footage from the plaintiff's non-copyrighted films without giving the plaintiffs credit. *Id.* at 34–35. The Court declined to recognize what amounted to a copyright claim as a claim under the Lanham Act. *Id.* In this case, Defendants argue that, similar to the *Dastar* plaintiffs, Plaintiff is alleging Defendants violated the Lanham Act by committing a common copyright violation—copying Plaintiff's CD+Gs—and that such a copyright claim under the Lanham Act is forbidden pursuant to the holding in *Dastar*. Mot. Dismiss 8, ECF No. 65.

*Dastar*, however, is inapposite to the case *sub judice*. Plaintiff has not attempted to blur the line between copyright and trademark law in the way Defendants assert. Plaintiff alleges that Defendants unlawfully copied Plaintiff's CD+Gs but does not seek relief for the harm done by the copying of the CD+Gs. Compl. ¶¶ 54–57, 59–62, ECF No.1. Instead, Plaintiff's causes of action rely on the confusion caused by the display of the Sound Choice marks. *Id.* Plaintiff alleges that "Defendants' use of the Sound Choice **marks** is likely to cause confusion, or to cause mistake, or to deceive Defendants' customers and patrons into believing that Defendants' services are being provided with the authorization of Slep-Tone" and "that Slep-Tone manufactured or approved the manufacture of the goods used or displayed by Defendants." *Id.* ¶¶ 57, 60 (emphasis added). Therefore, Plaintiff has sufficiently pleaded trademark claims. Accordingly, the Court denies Defendants' motions to dismiss Plaintiff's federal

trademark infringement and unfair business practices claims.

## B. Preemption of State Law Claims

Defendants assert that Plaintiff's state law claims must be dismissed because the claims are preempted by the federal Copyright Act of 1973, 17 U.S.C. § 301(a). Under 17 U.S.C. § 301(a) of the Copyright Act, a state law claim will be preempted when two requirements are met. *Stromback v. New Line Cinema*, 384 F.3d 283, 300 (6th Cir. 2004). First, the work at issue must fall within the scope of the "subject matter of copyright" as defined in Sections 102 and 103 of the Copyright Act. *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001). Second, the state law protections asserted by the plaintiff (*e.g.*, trademark infringement, unfair business practices, conversion, etc.) must be exactly equivalent to any one of the exclusive rights granted to the holder of a copyright in the work at issue under Section 106 of the Copyright Act. *Stromback*, 384 F.3d at 300. Those requirements are referred to as the "subject matter" and "equivalency" requirements. *Id.* (citing *Nat'l Basketball Ass'n v. Motorala, Inc.*, 105 F.3d 841, 848 (2d Cir. 1997)). Plaintiff's state law claims do not fall within the subject matter of the Copyright Act and are not equivalent to the rights granted to a copyright holder in a musical work under the Copyright Act. Therefore, Plaintiff's state law claims are not preempted.

### 1. Subject Matter Requirement

Defendants argue that the work at issue falls within the subject matter of the Copyright Act because the work at issue is "Slep-Tone's songs." Mot. Dismiss 5, ECF No. 65. Plaintiff's state law claims, however, focus on the display of Plaintiff's

trademarks during the karaoke performance, not the underlying songs. Compl. ¶ 65, 71, ECF No. 1. Therefore, Plaintiff's trademarks are the subject matter of the lawsuit and the subject matter of the suit does not fall within the scope of the Copyright Act.

### 2. Equivalency Requirement

The Court turns next to the second requirement for preemption—the equivalency requirement. To determine if the state law protections are equivalent to those under the Copyright Act, the Court looks to whether the state law protection is violated by an act "which in and of itself would infringe one of the exclusive rights" in section 106 of the Copyright Act. *Wrench*, 256 F.3d at 456. If the state law cause of action involves an extra element "there is no preemption, provided that the extra element changes the nature of the action so that it is qualitatively different from a copyright infringement claim." *Id.*

State trademark claims, and other claims that require proof of some degree of confusion, are not preempted by the Copyright Act. McCarthy, *supra*, § 6:15. The likelihood of confusion element is an extra element that changes the nature of the action to one different than a copyright claim. *Id.* Both the ODTPA, Ohio Revised Code § 4165.02(A), and claims for trademark infringement under Ohio common law include a likelihood of confusion element. Ohio Rev. Code § 4165.02(A)(1),(2),(7); *Allard Enter., Inc. v. Advanced Programming Res., Inc.*, 146 F. 3d 350, 355 (6th Cir. 1998) (trademark infringement requires likelihood of confusion). Furthermore, Plaintiff has alleged a likelihood of confusion in its Complaint by stating that the use of the Sound Choice mark causes consumer confusion about the source, sponsorship, and authorization of the

CD+G copies. Compl. ¶¶ 64–66, 70–73, ECF No. 1. The likelihood of confusion allegations demonstrate that Plaintiff has pleaded state law claims which are not preempted by the Copyright Act.

The parties dispute the type of work at issue and what rights the owner of a copyright in that type of work possess. Mot. Dismiss 5, ECF No. 65; Pl.'s Resp. 6, ECF No. 73. The likelihood of confusion element, however, makes Plaintiff's claims qualitatively different than any of the exclusive rights in the Copyright Act, no matter what the work at issue. Therefore, neither of Plaintiff's state law claims are preempted by the Copyright Act. Accordingly, the Court denies Defendants' motions to dismiss Plaintiff's state law claims.

## IV. DISPOSITION

For the above reasons, the Court **DENIES** Defendants Red Rock Grill, Bice, Pushea, Menda, Place and the Arrowoods' motions to dismiss on all claims. The Clerk shall remove ECF Nos. 65, 68, 70, and 72 from the Civil Justice Reform Act motions report.

**IT IS SO ORDERED.**

_/s/ Michael H. Watson_

**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**